IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No.: 7:13-CV-198-BR

| | |
|---|---|
| ELLA LOUISE GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER AND MEMORANDUM |
| ) | AND RECOMMENDATION |
| LISA BRENT, Manager, Wingate Hotel, ) | |
| and, OWNER & CEO OF WINGATE ) | |
| HOTEL, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff Ella Louise Gray's ("Plaintiff") application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). [DE-1]. A litigant may commence an action in federal court *in forma pauperis* if she files an affidavit, in good faith, stating that she is unable to pay the costs of the lawsuit. *See* 28 U.S.C. § 1915(a). Nothing in the record suggests that Plaintiff's affidavit is inaccurate or submitted in bad faith. Accordingly, it appears that Plaintiff satisfies the financial requirements for *in forma pauperis* status and the motion is ALLOWED. However, section 1915(e)(2)(B) provides that the court "shall dismiss" an action filed *in forma pauperis* "at any time if the court determines that the action or appeal is (i) frivolous or malicious; (ii) fails to state a clam on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." For the reasons set forth below, this court RECOMMENDS Plaintiff's complaint be DISMISSED.

### I. PLAINTIFF'S COMPLAINT

Plaintiff's complaint consists of a court-provided form complaint, containing typewritten allegations in a "fill-in-the-blank" format, supplemented with handwritten information by

Plaintiff. [DE-1-1]. In addition to the completed form complaint, Plaintiff has filed a typewritten letter from Plaintiff addressed to the Equal Employment Opportunity Commission ("EEOC") regarding her charge investigation, which Plaintiff has incorporated by reference into her complaint. *Id.* ¶¶ 4, 6-7, 9; [DE-1-2].

According to the complaint, Plaintiff is a resident of North Carolina. [DE-1-1] ¶ 1. Plaintiff identifies the Defendants to this lawsuit as being an individual named Lisa Brent ("Brent"), the alleged manager of the Wingate Hotel ("Hotel"), located in Wilmington, North Carolina, and the unnamed CEO and owner of the Hotel. *Id.* ¶ 2. Plaintiff alleges Defendants discriminated against her by failing to employ her, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), on the basis of her race, religion, sex and national origin. *Id.* ¶¶ 3-4, 6. Plaintiff alleges the discriminatory acts occurred after January 2013, in either April or May 2013. *Id.* ¶ 8. According to Plaintiff, she filed charges regarding Defendants' alleged discrimination with the EEOC between January and June 2013 and received a Notice of Right to Sue letter from the EEOC on approximately June 16, 2013. *Id.* ¶ 11. A Dismissal and Notice of Rights is attached to Plaintiff's complaint. [DE-1-3].[1]

Plaintiff describes the alleged discriminatory acts in a nine page letter addressed to the EEOC attached to her complaint, in which she expresses her dissatisfaction with the EEOC investigation and urges the Commission to reinvestigate her charges and set the case for mediation. [DE-1-2] at 2-5. Plaintiff's letter contains the only factual bases provided by Plaintiff in support of her alleged causes of action against Defendants. Plaintiff states in her letter that "[t]he discrimination is specifically related to Title VII of the Civil Rights Act, the Americans

---

[1]Plaintiff's EEOC charge is not included in the materials now before the court.

2

with Disability [sic] Act (ADA), Genetic Information Nondiscrimination Act (GINA), or [the] Age Discrimination in Employment Act (ADEA)." [DE-1-2] at 3. Plaintiff states further that as she indicated in her EEOC charge, "the federal and state government, used the medical doctors to threaten the businesses to deny access to employment based on genetic information." *Id.* Plaintiff states in her letter that she "wanted to be sure that the information needed to justify [her] allegations that [she] was retaliated and discriminated against under the laws of the Commission [sic] had the evidence needed to meet the Commission's laws." *Id.* In the context of complaining about her charge investigation in general, and witnesses who were not contacted in the course of the investigation specifically, Plaintiff states "there were qualified individuals of color [who] were being denied equal access and opportunity to jobs by the respondent." *Id.* at 3-4. Plaintiff states further that a "'particular class' of people were not being hired that applied and was [sic] qualified for the position," and that "according to her sources" respondent is from another country and refuses to hire "qualified American workers" and "has been denying them equal opportunity to employment." *Id.* at 4.

According to Plaintiff, "[t]he state and federal agency ruled that due to her alleged disability, the job may be one that [she] might meet [the] qualifications." *Id.* Plaintiff states that respondent acknowledged she was overqualified, that she may have additional qualifications for other positions in the company, but denied Plaintiff the job. *Id.* Plaintiff alleges she was denied an opportunity to address the owner of the business regarding a position as a paralegal or other position within the company. *Id.* She states that she was discriminated against "as it relates [to her] being 'overqualified' due to her age and being over qualified for the position." *Id.* at 5. According to Plaintiff, "[t]he genetic information passed from employer to employer to deny

3

employment based on disability and genetic information against [her] and [her] immediate family." *Id.* Finally, it appears Plaintiff requests that the court appoint her counsel in this case. *Id.* at 5-6, 9.

## II. STANDARD OF REVIEW

Where a plaintiff has obtained leave to proceed *in forma pauperis,* the court must conduct a review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, a district court must dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Michau v. Charleston County, S.C.,* 434 F.3d 725, 728 (4th Cir. 2006); *Cochran v. Morris,* 73 F.3d 1310, 1315–16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McLean v. United States,* 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). In addition, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

In evaluating a case under § 1915, a court may appropriately look to cases decided under Fed. R. Civ. P. 12(b)(6) for guidance. *See Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000) (relying on standards set out in Rule 12(b)(6) cases in applying failure to state claim provision in 28 U.S.C. § 1915(e)(2)(B)(ii)). A complaint should be dismissed for failure to state a claim if "it

4

appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6)). "Factual allegations must be enough to raise a right to relief above the speculative level . . ." *Twombly,* 550 U.S. at 555. While a complaint need not contain detailed factual allegations, in order to state a claim, plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). Additionally, a complaint will not survive Rule 12(b)(6) review when it contains "naked assertion[s]" devoid of further factual enhancement. *Id.* at 557. Instead, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* at 570.

Although district courts must liberally construe *pro se* complaints, courts cannot act as the *pro se* plaintiff's advocate and cannot develop claims which the *pro se* plaintiff failed to clearly raise on the face of the complaint. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the *pro se* plaintiff); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions . . ." *Twombly,* 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). In light of *Twombly* and *Bass,* conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice.

### III. ANALYSIS

A.     Plaintiff's Claims of Discrimination against Individually–Named Defendants Fail to State a Claim for Which Relief May Be Granted.

5

Plaintiff has attempted to assert causes of action arising under Title VII, the ADA, the ADEA and the GINA against individually-named Defendants Brent and the unnamed owner of the Hotel. Construing the allegations of the complaint liberally, the court discerns no other defendant against whom Plaintiff's causes of action are asserted. It is well-settled however that Title VII, the ADA and the ADEA do not provide for causes of action against defendants who are sued in their individual capacities. *See Jones v. Sternheimer*, 387 F. App'x. 366, 368 (4th Cir. 20100 (recognizing that Title VII, the ADA, and the ADEA "do not provide for causes of action against defendants in their individual capacities."); *Lissau v. Southern Food Serv., Inc.,* 159 F.3d 177, 180-81 (4th Cir. 1998) (recognizing that supervisors are not liable in their individual capacities for Title VII violations because an individual supervisor is not the plaintiff's "employer" as defined in Title VII); *Darden v. Cumberland Comm. Action Program., Inc.*, No. 5:13-CV-311-F, 2013 WL 5494080, at *2 (E.D.N.C. Oct. 2, 2013) (holding individually-named CEO of defendant is not an employer as defined in Title VII and ADEA) (citing *McNeal v. Montgomery County, Md.,* 307 F. App'x. 766, 775 n.6 (4th Cir. 2009) ("[O]nly an employer, not an individual employee, may be held liable under the ADEA.")); *Ward v. Coastal Carolina Health Care, P.A.,* 597 F. Supp.2d 567, 570 (E.D.N.C. 2009) ("[I]ndividual employees of corporate entities . . .are not liable in their individual capacities for Title VII violations because such individuals are not 'employers' under Title VII."). Likewise, it has been held that the GINA does not provide for causes of action against employees sued in their individual capacities, because individual employees are not considered an "employer" as defined in the GINA. *Wright v. Stonemor Partners LLP*, No. 3:12-cv-380, 2012 WL 4006120, at *2 (W.D.N.C. Sept. 12, 2012) (observing the GINA has incorporated the definition of "employer" as defined in Title

6

VII). Accordingly, the court recommends that the complaint be dismissed.

    B.    Several of Plaintiff's Claims Otherwise Fail to State A Claim for Which Relief May be Granted.

        1.    Plaintiff has failed to adequately plead a claim of race, sex and religious discrimination under Title VII.

To establish a *prima facie* case of discrimination in hiring under Title VII, a plaintiff must demonstrate that "(i) [she] belongs to a protected class, (ii) [she] applied and was qualified for a job for which the employer was seeking applicants, (iii) despite [her] qualifications, [she] was rejected, and (iv) after [her] rejection, the position remained open and the employer continued to seek applicants from persons of [her] qualifications." *EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 851 (4th Cir. 2001). Beyond indicating she believes that persons "of color" are being denied employment by Defendants, Plaintiff offers no assertions or evidence that her race has anything to do with her claims. Plaintiff fails to even identify her race in the complaint, let alone support that her race was the basis for some form of discrimination. *See Bullock v. Spherion*, No. 3:10-CV-465, 2011 WL 1869933, at *4 (W.D.N.C. May 16, 2011) (dismissing *pro se* plaintiff's Title VII claim of race discrimination where plaintiff alleged only that he believed defendant's discriminatory conduct was related to his race, which plaintiff failed to identify, and failed to provide any other factual basis for race discrimination). In addition, Plaintiff has not alleged any facts regarding her sex or religion to support her claim of discrimination on these bases. Such allegations, or lack thereof, fail to satisfy Rule 12(b)(6).

        2.    Plaintiff has failed to adequately plead a claim of discrimination under the ADEA.

To establish a failure to hire based on age, Plaintiff must show (1) she is a member of a

7

protected class (i.e., at least 40 years old); (2) she applied for the position in question; (3) she was qualified for the position; and (4) she was not selected for the position under circumstances that give rise to an inference of discrimination. *Bullock*, 2011 WL 1869933, at *5; *Bius v. Thompson*, No. 06142004, 2004 WL 1348221, at *3 (M.D.N.C. June. 14, 2004) (citing *Gurganus v. Beneficial North Carolina, Inc.*, 25 F. App'x 110 (4th Cir. 2001). The ADEA forbids an employer from taking an adverse employment action against an employee "because of" the employee's age. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 283 (4th Cir. 2004) (en banc). The plaintiff's age must be the "but-for" cause of the employer's action for the action to violate the ADEA. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009).

Plaintiff has alleged that she was discriminated against "as it relates [to her] being 'overqualified' due to he age and being over qualified for the position." [DE-1-2] at 5. Other than this conclusory assertion, Plaintiff alleges no other factual information in her complaint to support her age discrimination claim, including her age or date of birth from which her age may be determined. *See Bullock*, 2011 WL 1869933, at *5. Plaintiff's allegations fail to satisfy Rule 12(b)(6).

   3. Plaintiff has failed to adequately plead a claim of discrimination under the ADA.

To assert a claim of failure to hire under the ADA, a plaintiff must show that she (1) is disabled within the meaning of the ADA; (2) applied for the vacant position; (3) was qualified for the position; and (4) was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Bullock*, 2011 WL 1869933, at *5 (citing *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005); *Mackey v. Shalala*, 360

8

F.3d 463, 468 (4th Cir. 2004).

In a single sentence related to Plaintiff's alleged disability claim in her letter to the EEOC, Plaintiff states that "[t]he state and federal agency ruled that due to [her] alleged disability, the job may be one that [she] might meet [the] qualifications." [DE-1-1] at 4. Plaintiff's allegations fail to allege circumstances giving rise to an inference of unlawful discrimination. First, Plaintiff fails to identify the job in question and whether she applied for the job. Moreover, Plaintiff has failed to allege a factual basis as to the nature of her "alleged disability" from which the court could determine the plausibility of her claim. Plaintiff's allegations fail to satisfy Rule 12(b)(6).

C.  Plaintiff's Request for the Appointment of Counsel

Plaintiff requests the court to appoint her counsel in this civil case. [DE-1-2] at 5-6, 9. There is no constitutional right to counsel in civil cases absent "exceptional circumstances." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975); *see also Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984) *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa,* 490 U.S. 296, 300 n.2 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant,* 739 F.2d at 163 (quotation omitted). Further, as a threshold matter it is not proper to appoint counsel unless the plaintiff's case appears likely to be one of substance. *See Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir. 1993); *Spears v. United States,* 266 F. Supp. 22, 25-26 (S.D. W. Va. 1967). Here, the court does not find any facts that warrant the appointment of counsel. Accordingly, Plaintiff's request for the appointment of counsel is DENIED.

## IV. CONCLUSION

For the reasons stated above, this court ALLOWS Plaintiff's application to proceed *in forma pauperis*. In addition, this court RECOMMENDS that the underlying complaint be DISMISSED for failing to state a claim for which relief may be granted. Plaintiff's request for the appointment of counsel is DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Ordered and submitted, the 8th day of November 2013.

Robert B. Jones, Jr.
United States Magistrate Judge