UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-198-BR

| | | |
|---|---|---|
| ELLA LOUISE GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LISA BRENT, Manager, Wingate Hotel, | ) | |
| and, OWNER & CEO OF WINGATE | ) | |
| HOTEL, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the 8 November 2013 Memorandum and

Recommendation ("M&R") (DE # 6) of Magistrate Judge Robert B. Jones, Jr. regarding the

application filed by pro se plaintiff Ella Louise Gray ("plaintiff") to proceed *in forma pauperis*

(DE # 1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).  The magistrate judge

recommends that plaintiff's application to proceed *in forma pauperis* be granted and that the

complaint be dismissed for failure to state a claim upon which relief can be granted.  Plaintiff

filed an objection to the M&R and an accompanying exhibit on 22 November 2013.  (DE ## 7,

7-1.)  She subsequently filed additional exhibits to her objection on 27 November 2013.  (DE ##

8, 8-1, 8-2, 8-3, 8-4, 8-5, 8-6.)  Plaintiff has also filed several other motions in this matter that

were not ruled on by the magistrate judge.  (DE ## 4, 9, 21, 22.)

The court first addresses plaintiff's request that the undersigned recuse himself from this

case.  (Mot., DE # 4, at 4.)[1]  A judge must "disqualify himself in any proceeding in which his

impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "The intent of section 455(a)

_____

[1] Page citations are to the numbers generated by CM/ECF.

is to reduce perceived appearances problems; that is, situations in which the judge is not in fact biased, but an outside observer might nonetheless have some reasonable basis for questioning the judge's impartiality." United States v. Morris, 988 F.2d 1335, 1337 (4th Cir. 1993). As the United States Supreme Court has articulated, the alleged bias must derive from "an extrajudicial source." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). In other words, "the source of the appearance of partiality must arise from some source other than the judge's previous involvement with cases that concerned the parties or witnesses in the present case." Morris, 988 F.2d at 1337; see also Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984).

Here, plaintiff's request is based on the fact that the undersigned ruled against her in another case, Gray v. Wal-Mart Stores, Inc., No. 7:10-CV-171-BR (E.D.N.C.), and that her current claims allegedly relate to the claims raised in that prior lawsuit. Plaintiff identifies no personal or extrajudicial bias on the part of the undersigned but relies exclusively on the dismissal of the claims in her former case. As such, the alleged bias is not from an extrajudicial source and therefore cannot support a motion under 28 U.S.C. § 455(a). Although plaintiff contends that there "appears to be a conflict of interest" (Mot., DE # 4, at 4 (emphasis omitted)), the court's impartiality in this matter cannot reasonably be questioned, and plaintiff's motion for recusal will be denied.

Next, the court addresses plaintiff's motions for consolidation. (Mot., DE # 4, at 3; Mot., DE # 22.) In reviewing these motions, it appears that plaintiff has filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") in addition to the one that she

filed in relation to the instant lawsuit. She is waiting for the EEOC to complete its investigation of those charges. (Mot., DE # 4, at 3.) Plaintiff asks that her other EEOC charges be consolidated with the current case. Because no lawsuits have been filed with respect to these other claims, the court finds that plaintiff's motions to consolidate are premature. Furthermore, the court cannot identify the full scope of the allegations of discrimination that are being made by plaintiff in the other EEOC charges. As a result, the motions for consolidation will be denied.

Plaintiff has also filed motions requesting a "delay" or "continuance" of this case. (Mot. DE # 4, at 2-3; Mot., DE # 9.) She essentially wishes to stay the case in its entirety so that she can amend her pleadings, add additional parties, and find an attorney to represent her. (Id.) The court notes that plaintiff filed this action over six months ago and has had sufficient time to find counsel. Moreover, plaintiff fails to specify a length of time for the delay or continuance. Because indefinite stays are disfavored, plaintiff's motions will be denied. See Landis v. N. Am. Co., 299 U.S. 248, 257 (1936) (A court must not order a stay that would "continue by its terms for an immoderate stretch of time . . . .").

In addition, plaintiff has filed a motion for reconsideration (Mot., DE # 9) of the magistrate judge's order denying her request for the appointment of counsel (M&R, DE # 6, at 9). There is no constitutional right to counsel in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds, Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989); see also Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Notwithstanding plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify the appointment of counsel. Therefore, plaintiff's motion for reconsideration will be denied.

3

The court now turns to the substance of plaintiff's claims. Where a plaintiff has requested leave to proceed *in forma pauperis*, the court must conduct a review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under this statute, a district court must dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). In evaluating a case under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, a court may appropriately look to cases decided under Federal Rule of Civil Procedure 12(b)(6) for guidance. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (review standard for dismissals under Rule 12(b)(6) applies to dismissals for failure to state claim under 28 U.S.C. § 1915(e)(2)(B)(ii)); Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000) (relying on standards set out in Rule 12(b)(6) cases in applying failure to state claim provision in 28 U.S.C. § 1915(e)(2)(B)(ii)).

In this case, the magistrate judge recommends that plaintiff's application to proceed *in forma pauperis* be granted and that the complaint be dismissed for failure to state a claim upon which relief can be granted. The district court reviews *de novo* only those portions of a magistrate judge's M&R to which specific objections are filed. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Local Civil Rule 72.4(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson,

687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews

only for "clear error." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir.

2005) (citation and internal quotation marks omitted). Upon careful review of the record, "the

court may accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Plaintiff identifies the defendants to this lawsuit as being an individual named Lisa Brent

("Brent"), the alleged manager of the Wingate Hotel ("Hotel"), located in Wilmington, North

Carolina, and another individual, the unnamed CEO and owner of the Hotel[2] (collectively

"defendants"). (Compl., DE # 1-1, ¶ 2.) Plaintiff alleges that defendants discriminated against

her by failing to employ her. (Id. ¶¶ 3-4, 6.) In a letter attached to the complaint, plaintiff states

that "[t]he discrimination is specifically related to Title VII of the Civil Rights Act, the

Americans with Disability [sic] Act (ADA), Genetic Information Nondiscrimination Act

(GINA), or [the] [A]ge Discrimination in [E]mployment Act (ADEA)." (Letter, DE # 1-2, at 3.)

Here, plaintiff has filed a lengthy objection to the M&R and has also filed multiple

accompanying exhibits. (Obj., DE ## 7, 7-1, 8, 8-1, 8-2, 8-3, 8-4, 8-5, 8-6.) The "objection"

consists largely of an elaboration of plaintiff's claims. Upon review of the documents, the court

was able to identify only one specific factual error that was allegedly committed by the

magistrate judge. Plaintiff maintains that the magistrate judge's assertion that "plaintiff never

identified her race in the complaint is untrue. The plaintiff checked her race as being black and

African American on the complaint sheet filed with the federal courts." (Obj., DE # 7, at 17.)

However, even if plaintiff had identified her race in the complaint, the court agrees with the

---

[2] Plaintiff notes that the owner of the Hotel is unnamed because the "manager refused [to] give name of owner of hotel." (Compl., DE # 1-1, at 1.)

magistrate judge that plaintiff "offers no assertions or evidence that her race has anything to do with her claims." (M&R, DE # 6, at 7.) Nothing in plaintiff's objection or the accompanying exhibits provides any basis for altering this conclusion. As a result, plaintiff's argument is without merit.

Furthermore, the magistrate judge has pointed out that plaintiff has only named individuals as defendants in her complaint. (M&R, DE # 6, at 6.) In her objection to the M&R and the exhibits thereto, plaintiff does not name any additional defendants to this action, nor does she specifically dispute the magistrate judge's construction of her complaint as naming the defendants in their individual capacities. As the magistrate judge properly recognized (id.), it is well-settled that Title VII, the ADA, and the ADEA "do not provide for causes of action against defendants in their individual capacities." Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010) (per curiam) (unpublished); see also Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998) (recognizing that supervisors are not liable in their individual capacities for Title VII violations because an individual supervisor is not the plaintiff's "employer" as defined in Title VII); Darden v. Cumberland Cmty. Action Program, Inc., No. 5:13-CV-311-F, 2013 WL 5494080, at *2 (E.D.N.C. Oct. 2, 2013) (holding that individually-named CEO is not an employer as defined in Title VII and ADEA); Ward v. Coastal Carolina Health Care, P.A., 597 F. Supp. 2d 567, 570 (E.D.N.C. 2009) ("[I]ndividual employees of corporate entities . . . are not liable in their individual capacities for Title VII violations because such individuals are not 'employers' under Title VII."). Similarly, the "GINA does not provide for individual liability due to its incorporation of the Title VII definition of 'employer.'" Wright v. StoneMor Partners LLP, No. 3:12-cv-380, 2012 WL 4006120, at *2 (W.D.N.C. Sept. 12, 2012). Because plaintiff

6

cannot maintain any of her claims against the individually-named defendants, the complaint must be dismissed. The court notes that it also agrees with the magistrate judge that plaintiff has failed to allege sufficient facts to support several of her claims.

For the foregoing reasons, plaintiff's Motion for Delay and Continuance, Motion to Consolidate Cases, and Motion to Reassign Case (DE # 4) are DENIED. Plaintiff's Motion to Delay Scheduling of Case, Motion for Reconsideration regarding Court Appointment of Counsel, and Motion for Extension of Time to Seek Private Counsel (DE # 9) are DENIED. The motion to Review and Consolidate Cases (DE # 22) is also DENIED. The court ADOPTS as its own the findings and recommendations of the magistrate judge (DE # 6). Plaintiff's application to proceed *in forma pauperis* is GRANTED, and plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's Motion to Correct Civil Cover Sheet to Reflect Jury Demand (DE # 4) and Motion in Limine (DE # 21) are DENIED AS MOOT. The Clerk is DIRECTED to close the case.

This 2 April 2014.

_____
W. Earl Britt
Senior U.S. District Judge