UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-198-BR

| | |
|---|---|
| ELLA LOUISE GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LISA BRENT, Manager, Wingate Hotel, ) | |
| and, OWNER & CEO OF WINGATE ) | |
| HOTEL, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the 10 April 2014 motion for reconsideration (DE # 28) filed by plaintiff Ella Louise Gray ("plaintiff"). Pursuant to Federal Rule of Civil Procedure 59(e), plaintiff is asking the court to alter or amend the judgment entered against her on 2 April 2014. (DE # 25, 27.) On that date, the court denied several of plaintiff's motions, including her Motion for Delay and Continuance, Motion to Consolidate Cases, Motion to Reassign Case, Motion to Delay Scheduling of Case, Motion for Reconsideration regarding Court Appointment of Counsel, Motion for Extension of Time to Seek Private Counsel, and Motion to Review and Consolidate Cases (DE ## 4, 9, 22). The court also adopted as its own the findings and recommendations of the magistrate judge (DE # 6). Plaintiff's application to proceed *in forma pauperis* was granted, and her complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's Motion to Correct Civil Cover Sheet to Reflect Jury Demand (DE # 4) and Motion in Limine (DE # 21) were further denied as moot.

A motion filed pursuant to Rule 59(e) "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become

available, or that there is a need to correct a clear error or prevent manifest injustice." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 411 (4th Cir. 2010); see also Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). In addition, Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation and internal quotation marks omitted); see also Pac. Ins. Co., 148 F.3d at 403. "Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that '[c]ommentators observe because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Tompkins v. Mitchell, No. 1:08-cv-322-GCM, 2012 WL 1925878, at *1 (W.D.N.C. May 25, 2012) (alteration in original) (internal quotation marks omitted) (quoting Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999)).

The court concludes that plaintiff has not satisfied any of the Rule 59(e) criteria. Instead, she is attempting to relitigate the same issues that have already been decided. The court emphasizes that plaintiff's arguments for recusal under 28 U.S.C. § 455(a) are without merit. Plaintiff's contention that the undersigned should recuse himself from the case due to "'gross violations of the law' involving NAFTA and legislation passed by the U.S. Supreme Court . . . ." is insufficient because it fails to show personal bias or prejudice. (Mot., DE # 28, at 1.) Furthermore, plaintiff's assertion that the undersigned's ruling in her prior case caused "harm" and "tragedy" to other "innocent individuals" fails for the same reason. (Id. at 1, 2.)

After having carefully considered all of the arguments set forth by plaintiff in her motion

2

for reconsideration, the motion is DENIED.

This 18 April 2014.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ W. Earl Britt
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ Senior U.S. District Judge